IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| | § | No. 3:04-CR-172-D |
| v. | § | ECF |
| | § | |
| DANIEL A. FISHER | § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court for consideration is the "Verified Motion for New Trial" of Daniel A. Fisher ("Defendant"), the Response in Opposition of the United States of America ("the Government"), and Defendant's "Verified Reply to Govt's Response to Verified Motion for New Trial."

### Background

On July 20, 2004, a 37-count superseding indictment charged Defendant with aiding and assisting in the preparation and presentation of a false and fraudulent tax return, in violation of 26 U.S.C. § 7206 (2) (Counts 1-34);[1] making a false declaration before a court, in violation of 18 U.S.C.

---

[1] The Fifth Circuit Court of Appeals described the underlying facts of Defendant's tax scheme in its opinion affirming Defendant's conviction:

> Beginning in 2001, [Defendant] ran a business offering wealth management and financial planning services to clients. His wife assisted him. The business included tax liability reduction plans, and [Defendant's] participation in the business's tax liability reduction component formed the basis for the thirty-four counts of aiding and assisting in the filing of fraudulent tax returns.
>
> The trial was held in November 2004. Among the witnesses were several of [Defendant's] clients, members of his staff, and IRS agents. The evidence showed that the tax scheme that [Defendant] and his wife promoted involved creating partnerships or corporations to which the clients' income was assigned. The evidence also showed that most of the income assigned to the partnerships or corporations was then reduced on the entities' tax returns by improper deductions. The result of the tax scheme was that the clients paid little or no tax on their income.

*United States v. Fisher*, 236 Fed. Appx. 54, 62 (5th Cir. 2007).

§ 1623 (Count 35); making a false statement in connection with a loan application, in violation of 18 U.S.C. § 1014 (Count 36); and bank fraud, in violation of 18 U.S.C. § 1344 (Count 37). A jury convicted Defendant on all counts. The jury also returned a special verdict, finding the actual and intended tax loss to the government to be over $7 million. The District Court determined the sentencing guidelines range to be between 188 and 235 months imprisonment and sentenced Defendant to 235 months' imprisonment and five years of supervised release. The court also imposed a $1 million fine on Defendant.

On June 6, 2007, the Fifth Circuit Court of Appeals affirmed Defendant's conviction and sentence. *Fisher*, 236 Fed. Appx. at 62. Defendant filed his motion for new trial pursuant to FED. R. CRIM P. 33(b)(1) on December 6, 2007.[2] Then he attempted to stay the proceedings on his new trial motion because it was based on a ruling he *expected* on a FED. R. CIV. P. 60(b) motion in *United States v. Daniel Fisher, et al*, No. 3:03-CV-2108-G (N.D. Tex. Jan. 26, 2004).[3]

## **The Civil Case**

On September 17, 2003, the United States brought a complaint for permanent injunction against Daniel Fisher, Brenda Meyers-Fisher, EOTL Systems, Inc., and Tax Dynamix, LLC, to prevent them from organizing and selling abusive tax schemes and preparing federal tax returns and other documents that enabled their customers to conceal income and assets from the IRS and to unlawfully seek refunds of previously paid federal income and employment taxes. *United States v. Daniel Fisher, et .al.,* No. 3:03-CV-2108-G. (Govt.'s App., p. 1.) On January 26, 2004, the trial

---

[2] The Court deems the motion filed on the date Defendant deposited the motion in the prison mail receptacle, despite the clerk's file stamp date of December 11, 2007. *See Houston v. Lack*, 487 U.S. 266 (1988).

[3] This Court denied the motion to stay these proceedings. (Crim. Dkt. 192.)

court in the civil case entered a default judgment and a permanent injunction against Defendant. On March 23, 2004, the trial court held him in contempt of court for failing to comply with the injunction. (*Id.* at 21.) On April 2, 2004, during a hearing in the civil case, Defendant gave testimony that formed the basis for Count 35 of the indictment in this case, making a false statement before a court. (Superseding Indictment, Crim. Dkt 32.) On November 26, 2007, Defendant filed in the civil action a "Verified Motion for Relief from Default Judgment dated January 20, 2004, Permanent Injuction Order dated January 26, 2004, and Contempt Order dated March 23, 2004." (Civil Dkt. 118.) On January 29, 2008, the trial court denied Defendant's Rule 60(b) motion in a Memorandum Opinion and Order. (Civil Dkt. 127.) Defendant filed an appeal, which is pending. (Civ. Dkt. 128.)

Defendant claims that "the question of the validity of the prior civil judgment and orders [in *Fisher*, No. 3:03-CV-2108-G] forms the basis and crux of defendant's claims for relief in the present criminal action." (Def.'s Mot. and Req. for Stay, at 1-2.) Originally, he anticipated that the trial court would vacate the default judgment, the permanent injunction order, and the contempt order. Now he relies upon the Fifth Circuit Court of Appeals to vacate the orders. Defendant's theory is that if the default judgment and orders in the civil case are vacated, then their use in the criminal case would have been improper and prejudicial, entitling him to a new criminal trial.

## **Analysis**

Motions for new trials based on newly discovered evidence "are disfavored by the courts and are viewed with great caution." *United States v. Pena*, 949 F.2d 751, 758 (5th Cir. 1991) (citation omitted). To obtain a new trial based on newly discovered evidence, a defendant must show that: (1) the evidence is newly discovered and was unknown to him at the time of trial; (2) failure to detect the evidence was not due to his lack of due diligence; (3) the evidence is material, not merely

3

cumulative or impeaching; and (4) the evidence will probably produce an acquittal. *Id*. A court should deny the motion for new trial if the defendant fails to satisfy even one part of this test. *Id*.

Defendant contends that the jury's determination in his criminal case was adversely affected by evidence of the "constitutionally defective" default judgment, permanent injunction, and contempt finding in the civil case, and he was prejudiced. The Government asserts that Defendant's motion for new trial is patently frivolous because Defendant identifies no newly discovered evidence to support his motion. The Government's assessment is correct. In considering Defendant's Rule 60(b) motion in the civil case, the trial court noted that "the passage of time has not made [Defendant's] arguments any more convincing than they were when he presented them at the show cause hearing [on April 2, 2004]." (Mem. Op. at 5.) Before the criminal trial, Defendant had already unsuccessfully attempted to overturn the default judgment based on the same argument, that the court lacked personal jurisdiction. (*Id*., *see also* Govt. App. at 25-34, 46, 65-72.) The trial court also denied Defendant's argument that the contempt order should be set aside. (Mem. Op. at 6.) The trial court found that Defendant offered no valid explanation for his failure to comply with the permanent injunction, choosing instead to reassert his deficient jurisdictional arguments. (*Id*.)

Defendant argues that the evidence that the jury considered the facts in the civil case is "newly discovered" because he "acted diligently" in trying to obtain the transcripts of his criminal trial and only by closely examining the transcript could he learn that the jury considered the trial court's findings of fact in the civil case. This argument lacks merit. The law of this circuit provides that evidence is not considered "newly discovered" when a defendant is in possession of evidence before trial but does not realize its relevance. *United States v. Jaramillo*, 42 F.3d 920, 925 (5th Cir. 1995)*,* citing *United States v. Loney*, 959 F.2d 1332, 1343 (5th Cir. 1992). Defendant knew at the time of the trial that he was charged in Count 35 with "False Declaration Before a Court" while he

4

was under oath as a witness in the injunction compliance hearing. Defendant appeared at the hearing and is charged with knowing its outcome. His belated realization of the relevance of what occurred before trial does not constitute new evidence.

The trial court's decision denying Defendant's rule 60(b) motion on the ground that Defendant raised the same claims he had presented before the criminal trial shows conclusively that the motion before the Court is not based upon newly discovered evidence. Defendant failed to satisfy the essential prerequisite that the evidence be "newly discovered," and the District Court should deny the motion for new trial.

## **RECOMMENDATION**

Defendant's motion for new trial based upon newly discovered evidence is without merit and should be denied.

Signed, February 26, 2008.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## **INSTRUCTIONS FOR SERVICE AND**
## **NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).