IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| § | |
| Plaintiff, § | |
| § | Criminal No. 3:04-CR-172-D |
| VS. § | |
| § | |
| DANIEL A. FISHER, § | |
| § | |
| Defendant. § | |

## **ORDER**

After making an independent review of the pleadings, files, and records in this case, and the February 26, 2008 findings, conclusions, and recommendation of the magistrate judge, the court concludes that the findings and conclusions are correct. It is therefore ordered that the findings, conclusions, and recommendation of the magistrate judge are adopted, and defendant Daniel A. Fisher's ("Fisher's") December 11, 2007 verified motion for new trial is denied.

Fisher objects to the findings, conclusions, and recommendation of the magistrate judge, contending that the magistrate judge failed to address adequately the grounds of Fisher's motion. But despite the number of documents submitted in support of the motion, Fisher's supporting memorandum makes clear that the motion rests on only one ground: that the default judgment, injunction, and contempt order issued in the related civil case, *United States v. Fisher*, No. 3:03-CV-2108-G, adversely impacted defendant's criminal trial, and that when the default judgment, injunction, and related orders are set aside in the civil case, Fisher will be entitled to a new trial in his criminal case. Judge Fish, however, denied defendant's motion for Fed. R. Civ. P. 60(b) relief in the civil case. *See* Jan. 29, 2008 Mem. Op. and Order. Fisher is not entitled to Fed. R. Crim. P. 33 relief in this case based on his remaining contention that the Fifth Circuit will later conclude that

he is entitled to Rule 60(b) relief in the civil case. Accordingly, the single premise of Fisher's current Rule 33 motion fails.

The court vacates its March 4, 2008 order referring to the United States Magistrate Judge defendant's February 28, 2008 verified motion for request for furlough or release on bond pending review. Because Fisher is not entitled to a new trial, that motion is denied.

Defendant's March 18, 2008 motion to correct *nunc pro tunc* is granted, and his Exhibit #9 is made part of the record.

Defendant's March 18, 2008 verified motion for traverse is denied because the court has neither received nor considered a government reply to Fisher's objections to the magistrate judge's findings, conclusions, and recommendation.

Defendant's letter to the court, docketed March 18, 2008 as a motion, in which he requests that the court hold the payment of his special assessment in abeyance, is denied.

**SO ORDERED**.

March 20, 2008.

							_____
							SIDNEY A. FITZWATER
							CHIEF JUDGE